## LOVELACE et al. v. OVERTON.
### Motion No. 11943.

Court of Civil Appeals of Texas. Galveston.

Aug. 1, 1940.

E. R. Campbell and Lawrence Lipper, both of Houston, for plaintiffs in error.

Lewis & Ingram, of Houston, for defendant in error.

Geo. N. Lusch, of Houston, amicus curiae.

CODY, Justice.

This is a motion by T. V. Overton to dismiss the appeal of Claribel Lovelace et vir, Plaintiffs in Error, v. T. V. Overton, Defendant in Error, numbered 11,088 on the docket of this court, upon the ground that by force of Art. 1883A, Vernon's Ann. Civ.St., this court is without jurisdiction to consider a petition for writ of error which has been filed on or after January 1, 1940, by a party participating in the trial.

It is made to appear here that final judgment was rendered in the court below on July 22, 1939, in favor of defendant in error, and that on December 29, 1939, a copy of the petition for writ of error was delivered to the attorneys of record for defendant in error, who receipted therefor and who waived the issuance of process thereon and service thereof. It is further made to appear that on December 30, 1939, which was Saturday, that plaintiffs in error transmitted by special delivery United States mail to the office of the clerk of the court below said petition for writ of error, together with the aforesaid receipt and waiver of service, and that, pursuant to directions, the Postal Department tendered delivery of said mail at the clerk's office in the afternoon, but that the clerk does not keep his office open on Saturday afternoons, and for that reason the petition for writ of error was not filed. It is further made to appear that, pursuant to instructions, the Postal Department attempted to deliver said petition to the clerk at his home on the same night. Both at the clerk's office and at his home notice was left to the effect that there was special delivery mail being held for the clerk at the Post Office.

The practice of closing offices on Saturday afternoons is no doubt very general. But it is the policy of the law that the courts shall be open at all reasonable hours, and, since it is made to appear that but for the office of the clerk being closed because it was Saturday afternoon, the petition for writ of error, and the waiver aforesaid, would have been filed when it was tendered by the Post Office Department, we hold that the timely tender for filing, being all that it was within the power of plaintiffs in error to do, when it is clearly established, is tantamount in law to the filing of the petition and waiver on Saturday, December 30, 1939. The Post Office Department did not again make ten-

der until the next business day, which was January 2, 1940, at which time the clerk declined to file as of December 30, 1939, or at any date other than January 2, 1940. Of course, on January 2, 1940, the clerk was without authority to file the petition and waiver as of December 30, 1939. Whether or not such petition bore the status of a paper filed in the case as of December 30, 1939, was necessarily a matter for judicial determination.

It is unnecessary for us to determine when, under the provisions of Art. 1883a, Courts of Civil Appeals are deprived of jurisdiction to consider appeals by writs of error where parties have participated in the trial. Motion is overruled.

Motion refused.